IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MELINDA ELLSWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:15-CV-03374-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Melinda Ellsworth seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner's") denial of her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of depression, anxiety, and personality disorder, but she retained the residual functional capacity ("RFC") to perform light, unskilled work as an injection mold tender and production assembler.

After carefully reviewing the record and the parties' arguments, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Factual and Procedural Background**

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her application on October 31, 2012. The Commissioner denied Plaintiff's application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on October 31, 2013, and on February 21, 2014, issued his decision finding Plaintiff was

not disabled. The Appeals Council denied Plaintiff's request for review on June 22, 2015, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff contends the ALJ committed reversible error by failing to: (1) provide good reasons for discounting her treating psychiatrist's opinion; and (2) include sufficient limitations in the RFC based on the state agency consultant's opinion, or to explain his reasons for omitting these limitations from his RFC.

These arguments are without merit.

**I.     The ALJ did not err in weighing Dr. Ceniceros' opinion.**

Plaintiff began seeing her treating psychiatrist, Dr. Salvador Ceniceros, M.D. ("Dr. Ceniceros"), in September 2012, the month before she filed for benefits. Plaintiff saw him ten times between September 2012 and June 2013. R. at 223-30. Shortly before her hearing, on September 27, 2013, Dr. Ceniceros completed a Medical Source Statement—Mental ("MSS-M") finding that Plaintiff was markedly limited in eight categories of mental functioning and moderately limited in twelve other categories of mental functioning. R. at 259-62. A few weeks after the administrative hearing, on November 20, 2013, Dr. Ceniceros completed another MSS-M which found Plaintiff was markedly limited in nine areas and moderately limited in eleven. R. at 264-67.

The ALJ discounted these opinions, giving them little weight because they were not supported by objective medical evidence. R. at 17. Plaintiff argues the ALJ erred by failing to provide good reasons for discounting his opinion, and that the ALJ should have given the MSS-Ms controlling weight, or at the very least, substantial weight.

Under the regulations, the ALJ must assign controlling weight to a treating physician's opinion if that opinion is well-supported and consistent with other evidence in the record. 20

C.F.R § 416.927(c)(2).  If a treating physician's opinion is not entitled to controlling weight, the ALJ must determine whether it is still entitled to substantial weight by considering the length, frequency, nature, and extent of the treatment relationship, the opinions supportability and consistency with the record as a whole, specialization of the treating source, and other factors supporting or contradicting the opinion.  *Id.* § 416.927(c).  It is settled that "an ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence."  *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011).  But if an ALJ discounts a treating physician's opinion, he must give "good reasons" for doing so.  *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002).

The ALJ provided a good reason for his decision which is supported by the record because the level of impairment Dr. Ceniceros describes in his MSS-Ms is not supported by the medical evidence in the record.  Dr. Ceniceros' MSS-Ms use "moderately limited" to describe an impairment which "seriously interferes with, and in combination with one or more other restrictions assessed, *will preclude*" the individual's ability to perform the activity, and "markedly limited" to describe an impairment which "*clearly precludes*" someone from functioning.  R. at 259, 264 (emphases added).  Thus, his MSS-Ms characterizing Plaintiff as someone with twenty marked and moderate limitations describe someone who is totally disabled.

But the medical evidence here shows just the opposite:  Plaintiff is not disabled.  Plaintiff never received psychiatric treatment prior to seeing Dr. Ceniceros, but instead of appearing in his office with severe, uncontrolled depression, during her initial examination Plaintiff rated her depression as being three out of ten.  Further, after beginning treatment, she reported improvement in her mood even though Dr. Ceniceros consistently prescribed low, subtherepeutic doses of psychotropic medication.  R. at 223-30, 239-50.  And throughout her treatment, Dr.

4

Ceniceros and the other doctors who conducted mental status examinations on Plaintiff made largely normal findings. R. at 201, 225, 227, 230, 239, 241, 243, 245, 247, 249, 255. This is not the kind of medical evidence associated with someone who has a totally disabling mental impairment. Thus, based on the plain inconsistencies with the record as a whole, the ALJ properly assigned little weight to Dr. Ceniceros' MSS-Ms. *See Toland v. Colvin*, 761 F.3d 931, 935-36 (8th Cir. 2014) (holding that when a treating physician includes limitations in a medical source statement that are not reflected in treatment notes or medical records, the inconsistency undermines the opinion and may diminish or eliminate the weight given to it).

## II. The ALJ sufficiently accounted for Dr. Bowles' findings and the limitations he included in the RFC determination.

Plaintiff also argues that after giving the opinion of the consulting psychologist, Dr. C. Kenneth Bowles, Ph.D. ("Dr. Bowles"), significant weight, the ALJ erred by failing to either include in the RFC determination six moderate limitations Dr. Bowles found, or else offer some explanation why he did not include these limitations in the RFC.

This argument is unavailing because the premise is incorrect: The ALJ's RFC determination is consistent with his giving significant weight to Dr. Bowles' opinion. In evaluating Plaintiff's mental impairments, the ALJ thoroughly discussed Dr. Bowles' opinion and expressly embraced his assessment of moderate limitations in the areas of social functioning and concentration, persistence, or pace. R. at 13, 70, 72-73. The ALJ then accounted for these limitations in Plaintiff's RFC. For example, Dr. Bowles opined Plaintiff "retain[ed] the capacity to acquire and retain simple to moderately complex instructions and to sustain concentration and persistence with simple to moderately complex tasks." R. at 73. The ALJ, in turn, found Plaintiff could understand, remember and carry out at least simple instructions and non-detailed tasks, maintain concentration and attention for two-hour segments over an eight-hour period, and

5

perform repetitive work according to set procedures, sequence, or pace. R. at 14. Additionally, after Dr. Bowles found that Plaintiff could "interact and adapt to a non-complex workplace with no requirements for close interpersonal interaction w/ others," R. at 73-74, the ALJ found that Plaintiff could respond appropriately to supervisors and coworkers in a task-oriented setting where contact with others is casual and infrequent. R. at 14. The ALJ did not need to explain the portions of Dr. Bowles opinion that he "omitted," as Plaintiff argues, because the ALJ's RFC determination is consistent with Dr. Bowles' opinion.

Accordingly, the Court finds no error here.

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so that decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     September 29, 2016               /s/ Greg Kays
                                           GREG KAYS, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT